**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
Julian C. Diamond (*pro hac vice* forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  pfraietta@bursor.com
         jdiamond@bursor.com

**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA HALLOUM, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| CLASSPASS USA LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Lena Halloum ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendant ClassPass USA LLC ("ClassPass" or "Defendant").

## NATURE OF THE ACTION

1.      ClassPass sells exercise sessions, wellness and beauty services, and select food experiences (collectively, "Experiences") to consumers.  But ClassPass does not directly accept U.S. Dollars.  Instead, it requires customers to buy ClassPass "Credits," which consumers then redeem for Experiences.  These Credits operate like seashells, doubloons, or any other medium of exchange that humans use to barter with each other.  Except seashells and doubloons generally don't vanish into thin air.  Unfortunately for consumers, ClassPass Credits do.

2.      Various state and federal laws prohibit companies like ClassPass from selling expiring pre-paid cards or gift cards.  These laws broadly define these terms to not only cover *physical* cards, but any "other payment code or device" or "electronic promise."  These definitions include the aforementioned vanishing ClassPass Credits.

3.      The Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693*l*–1(a)(2)(A) defines "general-use prepaid card" as the following:

> The term "general-use prepaid card" means a card or other payment code or device issued by any person that is–
>
> (i)     Redeemable at multiple, unaffiliated merchants or service providers, or automated teller machines;
>
> (ii)    Issued in a requested amount, whether or not that amount may, at the option of the issuer, be increased in value or reloaded if requested by the holder;
>
> (iii)    Purchased or loaded on a prepaid basis; and
>
> (iv)    Honored, upon presentation, by merchants for goods or services, or at automated teller machines.

4.      ClassPass Credits meet the definition of a general-use prepaid card under EFTA. ClassPass Credits are payment codes and/or devices that are redeemable at multiple merchants through ClassPass.  Moreover, they are issued in a requested amount on a prepaid basis according

to a consumers' monthly membership fees and/or supplemental purchases.  Finally, they may be redeemed through ClassPass merchants for goods and services.

5.      EFTA further defines "gift certificates" as the following:

The term "gift certificate" means an electronic promise that is–

(i)      Redeemable at a single merchant or an affiliated group of merchants that share the same name, mark, or logo;

(ii)     Issued in a specified amount that may not be increased or reloaded;

(iii)     Purchased on a prepaid basis in exchange for payment; and

(iv)     Honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

6.      Additionally, ClassPass Credits meet the definition of "gift certificate" under EFTA. Each Credit is an electronic promise that is stored in each consumer's online ClassPass account, redeemable by the holder of the Credit at ClassPass and its affiliates for a good or service, issued in a specific amount that may not be increased or reloaded, purchased on a prepaid basis in exchange for payment, and honored by ClassPass or an affiliate for a good or service upon presentation.

7.      ClassPass Credits also meet the definition of a "gift certificate" under California Law, Cal. Civ. Code § 1749.5, a corollary to EFTA.  According to Cal. Civ. Code § 1745.6(a), "[a] gift certificate constitutes value held in trust by the issuer of the gift certificate on behalf of the beneficiary of the gift certificate.  The value represented by the gift certificate belongs to the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer."  Here, Credits constitute value held in trust by ClassPass on behalf of the consumer, and therefore meet the definition of a gift certificate under California's gift certificate law.

8.      By ClassPass' design, these Credits have unreasonably short expiration periods.  A portion of the Credits roll over, but *the remainder of the Credits expire every thirty (30) days*.  If a user chooses to stop using the ClassPass App, *every credit that the consumer has purchased but not used expires*.  There is no way for a user to cancel their ClassPass membership without losing the Credits they have accumulated.

9.      These expiration periods are in violation of both EFTA, 15 U.S.C. §1693 *et seq.*, and Cal. Civ. Code § 1749.5.  Specifically, the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 *et seq.* prohibit the sale and issuance of general-use prepaid cards or gift certificates with expiration periods of less than five years.  California's gift certificate law, Cal. Civ. Code § 1749.5, is broader, forbidding the issuance of gift certificates with any expiration period.

10.      Plaintiff asserts claims on behalf of herself and similarly situated ClassPass subscribers for violation of EFTA, 15 U.S.C. § 1693 *et seq.*, California's Unfair Competition Law, and California's Consumers Legal Remedies Act.

**PARTIES**

11.      Plaintiff Lena Halloum is an individual and citizen of California residing in Oakley, California. She signed up for ClassPass in December 2023 and used ClassPass while in California. She discontinued her subscription in February 2024 and has not used it since.

12.      Defendant is a corporation existing under the laws of Virginia with its principal place of business in New York, New York.  Through its online presence and App, ClassPass does business throughout California and the United States.  In all likelihood, ClassPass has hundreds of thousands of users in California alone.

**JURISDICTION AND VENUE**

13.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act ("CAFA"), because at least one member of the Class is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

14.      This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California, including in this District, and purposefully avails itself to the benefits of this District by serving Customers in this District.  In addition, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

15.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial portion of the events, omission, and acts giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

**I.     CLASSPASS' CREDIT PROGRAM**

**a)     ClassPass Requires Users To Purchase Goods Or Services With "Credits"**

16.     Purchasers of ClassPass Experiences are required to purchase Credits that can be redeemed for sessions of different values.  Figure 1, shown below, is a screen capture of the ClassPass webpage where customers may purchase Credits through various monthly membership tiers.  Next to the specific number of Credits and the total monthly price, ClassPass displays the value of each Credit in dollar amounts.

17.     ClassPass customers may also purchase Credits a la carte, as shown in Figure 2. These Credits are also sold and valued according to a specific dollar amount per Credit.

18.     Once purchased, Credits may be redeemed for a number of Experiences.  These

Experiences are offered on a tiered pricing system, with some sessions costing as low as two (2)

Credits, and other sessions costing upwards of thirty (30) credits, as shown in Figure 3.



*Figure 1*



***Figure 2***



***Figure 3***

**b)** **ClassPass Designs Credits to Expire, Depriving Consumers of Moneys They Have Paid**

19. By ClassPass' design, these Credits have unreasonably short expiration periods. ClassPass' Credit rollover and expiration policy states the following:

> *Generally, so long as you remain an active ClassPass customer on a monthly plan, we'll rollover any unused credits that you've purchased up to the number of credits in your upcoming plan – every month.*

> *For example, if you're set to renew on a 45 credit plan, and you did not use any of the 45 credits you purchased in a given month, you can roll over 45 credits into your next subscription cycle and you'll have 90 credits in your account at the beginning of the new subscription cycle. If you are set to switch to a 27 credit plan, up to 27 unused credits will roll over.*

> *Keep in mind, if you're set to renew on a 45 credit plan and purchased 50 additional credits but didn't use them, only 45 out of 50 will roll over to the next cycle. Any credits that don't roll over will expire. If you switch to a plan lower than 10 credits, you may still roll over up to 10 unused credits per month.*

> *Notwithstanding any language above, trial credits and any credits you didn't purchase do not roll over unless explicitly stated in your sign-up process, and different rollover policies may apply to other promotions, as communicated by ClassPass.*

> *If you cancel your account, all remaining credits will be forfeited on the last day of your membership.*

20. Under this policy, if a user purchases a number of Credits above their monthly allotment, and does not use the Credits, the additional Credits would not rollover and would instead expire, depriving the customer of the value of the Credits that the customer paid for.

21. ClassPass' system inevitably results in Credits expiring rather than rolling over because consumers habitually rack up more Credits than they can possibly use in a month. For example, if a user on a 45 Credit monthly plan does not use any of their credits during the first month, 45 Credits rollover in their account for the second month, giving them a total of 90 Credits. However, by month three, if the user still has 90 Credits in their account, only 45 Credits will rollover, resulting in a loss of 45 Credits.

22. Credits also expire when users cancel their membership. ClassPass provides no mechanism for transferring Credits to other accounts or redeeming unused credits for Cash.

23.    ClassPass' cancellation policy causes consumers to continue paying for Credits that they do not want or believe they will not have time to use simply because the consumers want to avoid losing Credits they already paid for by cancelling.  The "rollover" policy takes advantage of the fact that consumers do not always have time to exercise, for example, as much as they would like; thus, consumers do not always have the time or inclination to redeem Credits quickly. ClassPass uses its cancellation and rollover policies (if consumers ever learn of such policies) to capitalize on consumer loss aversion and maximize windfall profits at consumers' expense.  These windfall profits are precisely the profits gift certificate and gift card laws were enacted to prevent, because ClassPass is paid in advance for a product (a Credit) but has designated the process so that it never has to provide anything to the consumer in return if a Credit is not quickly redeemed.

## II.    CUSTOMER COMPLAINTS CONFIRM THAT CLASSPASS' EXPIRATION POLICY INJURES CONSUMERS

24.    Many consumers have taken to online message boards like Reddit and the Better Business Bureau to complain about ClassPass' Credit expiration program.

> *I think it's stupid that credits YOU paid for can expire and are only valid if you continue to pay for the membership.  They should be available indefinitely.  I bought them, therefore they are MY credits, and I should be able to keep them for as long as I want and use them whenever I want.  It's BS and a SCAM!![1]*

> *... My frustration is, why am I not allowed to use credits which I PAID FOR.  For example, if I prepay for 8 credits a month, and I can roll over 10 with that plan, but have 15 credits left at the end of the month, why can't I roll over all 15?  It just seems like an absolute scam to me.  I prepaid for a service.  So if work/life gets in the way, how can you still charge me the full amount but not let me keep the credits aka service I paid for??  I literally cancelled for this reason this month.  Complete scam.[2]*

> *... Its very frustrating and it feels awful to not be able to keep track but it feels even worse when you lose an enormous amount of credits that werent part of a plan.  I*

---

[1] CLASSPASS CREDITS EXPIRING – UNETHICAL? Accessed at https://www.reddit.com/r/ClassPass/comments/12h0fjl/classpass_credits_expiring_unethical/ on February 14, 2025.

[2] *Id.*

*guess they don't make that information readily available so you forget about it. I would like my 25 credits that I purchased but didnt use.*[3]

*Class pass got rid of all my credits after the month expired and said that I would have to sign up again for membership and I still would not get the credits back that I had already paid for. ... How can something you paid for that has an option to roll over just expire.. even worse they do not let you know!!*[4]

## III.    CLASSPASS CREDITS ARE GENERAL-USE PREPAID CARDS WITH ILLEGAL EXPIRATION DATES

25.    The terms of ClassPass' prepaid Credits violate federal gift certificate laws. Specifically, ClassPass violates the federal Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 *et seq.*, which prohibit the sale or issuance of general-use prepaid cards that feature and are subject to expiration dates that are earlier than five years after the date on which the card is issued.

26.    The Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693*l*–1(a)(2)(A) defines "general-use prepaid card" as the following:

> The term "general-use prepaid card" means a card or other payment code or device issued by any person that is–
>   i.   Redeemable at multiple, unaffiliated merchants or service providers, or automated teller machines;
>   ii.  Issued in a requested amount, whether or not that amount may, at the option of the issuer, be increased in value or reloaded if requested by the holder;
>   iii. Purchased or loaded on a prepaid basis; and
>   iv.  Honored, upon presentation, by merchants for goods or services, or at automated teller machines.

27.    **Payment code or device.**  ClassPass Credits are pieces of code stored in a consumer's virtual ClassPass account, which functions as a wallet.

---

[3] BETTER BUSINESS BUREAU PROFILE: CLASSPASS, INC. Accessed at https://www.bbb.org/us/ny/new-york/profile/exercise-programs/classpass-inc-0121-149527/complaints on February 14, 2025.

[4] BETTER BUSINESS BUREAU PROFILE: CLASSPASS, INC. Accessed at https://www.bbb.org/us/ny/new-york/profile/exercise-programs/classpass-inc-0121-149527/complaints?page=3 on February 14, 2025.

28.    **Redeemable at multiple, unaffiliated merchants or service providers.**  As depicted in Figures 4–5, ClassPass allows consumers to redeem Credits for a variety of Experiences on the ClassPass website and application.




*Figure 4*                                                    *Figure 5*

29.    **Issued in a requested amount; purchased or loaded on a prepaid basis.**  As shown in Figures 1–2 above, consumers may request Credits through the selection of one of several monthly membership plans, or they may purchase Credits a la carte.  Credits are purchased or loaded on a prepaid basis; consumers must load Credits into their ClassPass account before redeeming their Credits for Experiences.

30.     **Honored by merchants for goods or services.**  Merchants on ClassPass honor Credits for Experiences, which include goods (e.g., food items) as well as services (e.g., beauty services and exercise classes).

## IV.     ADDITIONALLY, EACH CLASSPASS CREDIT IS A GIFT CERTIFICATE WITH AN UNLAWFUL EXPIRATION DATE UNDER STATE AND FEDERAL LAW

31.     The CARD act and EFTA further define "gift certificates" as the following:

The term "gift certificate" means an electronic promise that is–

(i)      Redeemable at a single merchant or an affiliated group of merchants that share the same name, mark, or logo;

(ii)     Issued in a specified amount that may not be increased or reloaded;

(iii)     Purchased on a prepaid basis in exchange for payment; and

(iv)     Honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

32.     Every ClassPass Credit constitutes a gift certificate or gift card under federal law because each Credit is (i) intended primarily for personal, family, or household use by a consumer, (ii) an electronic promise that is stored in each consumer's online ClassPass account, (iii) redeemable by the holder of the Credit at ClassPass and its affiliates for a good or service, (iv) issued in a specific amount that may not be increased or reloaded, (v) purchased on a prepaid basis in exchange for payment, and (vi) honored by ClassPass or an affiliate for a good or service upon presentation.

33.     **Personal use.**  As intended, Plaintiff and other consumers purchase Credits primarily for personal use through the ClassPass Website and App.

34.     **Electronic promise.**  When Plaintiff and other consumers purchase a Credit, that Credit appears in an online account hosted by ClassPass on its Website or App.  The number of Credits in a consumer's account constitutes the number of promises ClassPass has made to the consumer with respect to redeeming such Credits for products or services.

35.    **Redeemable by the holder**.  Whenever Plaintiff and other consumers have a Credit in their ClassPass account, they are entitled to redeem that Credit at ClassPass' affiliates for a good or service.

36.    **Affiliated group of merchants.**  Merriam-Webster's definition of "affiliate" is: "an affiliated person or organization," with the definition of "affiliated" being "1(a): to bring or receive into close connection as a member or branch" and "1(b): to associate as a member."[5]  Merchants on ClassPass are affiliated with ClassPass because they are each paid by and through ClassPass, sign contracts to work with ClassPass, and advertise their goods and services on the ClassPass platform, and are otherwise "members" of the ClassPass platform.

37.    **Issued in a specified amount**.  ClassPass issues each Credit in a specified amount. While some goods or services may be redeemed with a single Credit, ClassPass sells goods or services that require consumers to redeem more Credits (sometimes as many as thirty).  When consumers purchase a Credit, they are not entitled to redeem the Credit for any product or service; rather, they are only entitled to redeem the credit for a good or service up to the value fixed by ClassPass.  No single Credit can be redeemed for a good or service that ClassPass values at no more than 1 Credit.

38.    ClassPass also sells extra Credits separate and apart from automatic purchases. These Credits are subject to the same terms and practices as other Credits purchased automatically.

39.    ClassPass has decided to use terminology that replaces the "cash" value of its products and services with its own unique and subjective "credit" value of the same products and services.  But omitting a dollar sign from its pricing scheme when dealing in "credits" does not exempt ClassPass from federal or state gift certificate and gift card laws.  Indeed, ClassPass shows the cash price of each Credit when consumers choose a monthly subscription plan or purchase extra Credits a la carte.  Each Credit is issued in a specified amount whether or not ClassPass chooses to price its goods and services in terms of "cash" value or "credit" value.

---

[5] "Affiliate." *Merriam-Webster,* 2025.  Retrieved February 20, 2025, from https://www.merriam-webster.com/dictionary/affiliate.

40.     ClassPass indicates on its application whether a class has a "good value" or not based on the number of credits required to redeem the class.  *See* Figures 6–7.



*Figure 6*                                                      *Figure 7*

41.     **Cannot be increased**.  The specific amount of a Credit cannot be increased even though the total number of individual Credits in a consumer's account will automatically increase with every new Credit purchase.  Each Credit can be redeemed for any good or service ClassPass values at "1 credit," and once a Credit is redeemed or has expired it no longer has any value.  The value of an unredeemed Credit is always "1 credit," and the value of a redeemed or expired Credit cannot be increased.

42. **Is not reloadable**. The specified amount of a Credit is not reloadable. Each Credit purchase is a distinct transaction. Plaintiff and other members do not have physical "credit" cards or electronic "credit" accounts that are "reloaded" with each new Credit purchase. A redeemed or expired Credit cannot be reloaded and become worth "1 credit" again; a subsequent Credit purchase can simply replace a redeemed Credit with a new, different Credit. The total number of Credits in a member's account will change over time based on purchases, redemptions, and expirations, but no Credit can itself be reloaded.

43. Even if a ClassPass Credit was determined to be capable of being increased or reloaded, it would still constitute a "store gift card" even if it would not constitute a "gift certificate" because it satisfies all of the other requirements of federal law.

44. ClassPass Credits also meet the definition of a "gift certificate" under California Law, Cal. Civ. Code § 1749.5. According to Cal. Civ. Code § 1745.6(a), "[a] gift certificate constitutes value held in trust by the issuer of the gift certificate on behalf of the beneficiary of the gift certificate. The value represented by the gift certificate belongs to the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer." Here, Credits constitute value held in trust by ClassPass on behalf of the consumer, and therefore meet the definition of a gift certificate under California's gift certificate law. Additionally, customers acquire the ClassPass Credits by paying "money or other thing of value … in exchange for the [ClassPass Credits]." Cal. Civ. Code § 1749.5(d)(1).

45. Plaintiff and other consumers who purchased Credits have been harmed by ClassPass' failure to ensure that its Credits comply with gift certificate and gift card law. Plaintiff and class members have each purchased Credits that expired earlier than five years after the date each Credit was issued. They did not receive a full refund of the purchase price for each expired Credit, and they did not receive any goods or services in exchange for the expired Credits. Moreover, the possibility of having Credits expire within months or immediately upon cancellation caused Plaintiff and other consumers to redeem Credits for classes they would not have otherwise purchased if they had more time to make a selection.

## V.    PLAINTIFF'S EXPERIENCE

46.    Plaintiff became a ClassPass subscriber since December 2023 and discontinued her subscription on February 2024.

47.    While a subscriber, Plaintiff had Credits that she paid for expire after 30 days.

48.    With the system of rapidly expiring Credits, Plaintiff experienced frustration at not being able to use her Credits when she desired, and thereby losing money she had already spent. She thereafter decided to discontinue her membership.

## CLASS ALLEGATIONS

49.    Plaintiff brings this matter on behalf of herself, and all similarly situated in the following Classes (collectively, the "Classes"):

> ***Nationwide Class***. All natural persons in the United States whose ClassPass Credits expired at the conclusion of their membership, or whose ClassPass Credits expired at the end of the month.

> ***California Subclass.*** All natural persons in California whose ClassPass Credits expired at the conclusion of their membership, or whose ClassPass Credits expired at the end of the month.

50.    Excluded from the Class is: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent have a controlling interest and its current or former employees, officers, and directors; and (3) Plaintiff's counsel and Defendant's counsel.

51.    **Numerosity**.  Class Members are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are thousands of people whose Credits expired and who have been injured by Defendant's conduct.  While the exact number of members of each Class is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery from records maintained by Defendant and its agents.

52.    **Commonality and Predominance**.  The questions of law and fact common to the Classes, which predominate over any questions that may affect individual class members include, but are not limited to:

(a)     Whether ClassPass sold and issued Credits subject to expiration dates;

(b)     Whether ClassPass' imposition of expiration dates on Credits violates federal law;

(c)     Whether ClassPass engaged in deceptive and unfair business and trade practices related to the imposition of expiration dates on Credits and other onerous terms and conditions;

(d)     Whether Plaintiff and Class members are entitled to declaratory, injunctive and/or equitable relief;

(e)     Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages;

(f)     Whether ClassPass gained a commercial benefit or some other advantage by imposing expiration dates on Credits;

(g)     Whether ClassPass was unjustly enriched as a result of its conduct;

(h)     Whether ClassPass violated the Credit Card Accountability Responsibility and Disclosure Act and the Electronic Funds Transfer Act; and

(i)     Whether Plaintiff and members of the Class sustained monetary loss and are entitled to an award of monetary damages.

53.     **Typicality.**  The claims of the named Plaintiff are typical of the claims of the members of the Classes because the named Plaintiff, like other members of the Classes, purchased ClassPass credits which expired at the end of the month and upon cancellation of their membership.

54.     **Adequate Representation.**  Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action.  Neither Plaintiff, nor his counsel, have any interest adverse to, or in conflict with, the interests of the absent members of the Classes.  Plaintiff is able to fairly and adequately represent the interest of the Classes.  Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Classes and will vigorously pursue those claims.  If necessary, Plaintiff may seek leave of this Court to amend this complaint to include additional Class Representatives to represent the Classes or additional claims as may be appropriate.

55.    **Superiority**.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable.  Even if every member of the Classes could afford to pursue individual litigation, the Court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system, resulting in multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Classes.  Plaintiff anticipates no difficulty in the management of this action as a class action.  Class-wide relief is essential to compel compliance with California's consumer protection laws.

<u>**COUNT I**</u>
**Violations of the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") and Electronic Funds Transfer Act ("EFTA")**
**15 U.S.C. §1693 et seq.**
**(On Behalf of Plaintiff and the Nationwide Class)**

56.    Plaintiff incorporates by reference all of the foregoing paragraphs.

57.    The federal CARD Act, which amends the federal EFTA, prohibits the sale or issuance of gift certificates or gift cards that feature and are subject to expiration dates that are earlier than five years after the date on which a gift certificate or gift card is issued.

58.    ClassPass sells Credits which, both in form and substance, constitute "general-use prepaid cards" as defined by the CARD Act.  This is because each credit is:

(a)    Redeemable at multiple, unaffiliated merchants or service providers, or automated teller machines;

(b)    Issued in a requested amount, whether or not that amount may, at the option of the issuer, be increased in value or reloaded if requested by the holder;

(c)    Purchased or loaded on a prepaid basis; and

(d)     Honored, upon presentation, by merchants for goods or services, or at automated teller machines.

59.     Alternatively, ClassPass Credits constitute "gift certificates" as defined by the CARD Act.  This is because each credit is:

(a)     Issued to consumers primarily for personal, family, or household purposes;

(b)     An electronic promise that is stored in each consumer's online ClassPass account;

(c)     Redeemable by the holder of the Credit at ClassPass and affiliated vendors for goods and services offered by ClassPass and its affiliates;

(d)     Issued in a specific amount that may not be increased or reloaded;

(e)     Issued on a prepaid basis in exchange for payment; and

(f)     Honored by ClassPass for goods and services.

60.     ClassPass' sale and issuance of prepaid Credits violates the CARD Act because many Credits expire at the end of thirty (30) days, and all Credits expire when a customer cancels their membership, which may be within five years after the Credit is issued.

61.     ClassPass Credits are sold and issued to consumers through electronic fund transfer systems established, facilitated, and monitored by ClassPass.  Credits are issued in electronic form. ClassPass provides an electronic means by which consumers can access their ClassPass accounts to view and redeem their Credits. The Credits are issued to and used by consumers independent of a loyalty, award, or promotional program.  ClassPass markets and sells Credits to the general public throughout the United States.

62.     Additionally, under the regulations implementing the CARD Act and EFTA, no person may sell or issue general-use prepaid cards or gift certificates with expiration dates unless there are policies and procedures in place to provide consumers with a reasonable opportunity to purchase a certificate with at least five years remaining until the certificate expiration date.  *See* 12 C.F.R. § 205.20(e)(1).  ClassPass is a "person" under the CARD Act and EFTA.  ClassPass further

violates the CARD Act and EFTA by failing to provide consumers with a reasonable opportunity to purchase Credits with five years remaining until the expiration date.

63. Because of its unlawful acts and conduct, ClassPass has deprived Plaintiff and all similarly situated consumers of the use of the money ClassPass has collected through the sale of Credits with illegal expiration dates.  Plaintiff and similarly situated consumers have been injured as a result of ClassPass' unlawful Credit expiration terms, including by causing them to sign up for ClassPass, pay more than they would have paid for each Credit, redeem Credits for goods and services they otherwise would not have purchased, and continue making recurring payments to avoid losing Credits due to cancellation.  Plaintiff has been harmed by having one or more Credits expire before they were redeemed and within five years of issuance.

64. As authorized by 15 U.S.C. § 1693m, Plaintiff, individually and on behalf of all similarly situated consumers nationwide, seek actual and statutory damages to be determined by the Court, injunctive relief, the cost of this action, reasonable attorney's fees, and all other available relief.

## COUNT II
### Violations of the California Unfair Competition Law
### Bus. & Prof. Code §§ 17200 et seq.
### (On Behalf of Plaintiff and California Subclass)

65. Plaintiff incorporates by reference all of the foregoing paragraphs.

66. California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice."   The UCL allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.  Cal. Bus. & Prof. Code § 17204.  Such a person may bring an action on behalf of herself or himself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

67. By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210 by engaging in unlawful, unfair, and fraudulent conduct. Specifically, Defendant violated the UCL's proscription against engaging in **Unlawful Business Practices** by violating the California Civil

Code § 1749.5, the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") and Electronic Funds Transfer Act ("EFTA").

68.     Defendant's acts and omissions as alleged herein violate obligations imposed by statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

69.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

70.     Defendant's acts, omissions, nondisclosures, and misleading statements as alleged herein were and are false, misleading, and/or likely to deceive the consuming public.

71.     Plaintiff and the members of the Class have suffered a substantial injury in fact and lost money by virtue of Defendant's acts of unfair competition, which caused them to purchase Credits that expired.  But for Defendant's violations of the laws, Plaintiff would have had access to Credits she paid for.  Thus, Plaintiff and members of the Class were damaged and have suffered economic injuries as a direct and proximate result of Defendant's unlawful and/or unfair business practices.

72.     Defendant's violations have continuing and adverse effects because Defendant's unlawful conduct is continuing, with no indication that Defendant intends to cease this unlawful course of conduct.  The public and the Class are subject to ongoing harm because the unlawful and/or unfair business practices associated with ClassPass' Credit expiration policy are still used by Defendant today.

73.     Plaintiff and the Class seek restitution pursuant to Cal. Bus. & Prof. Code § 17203 of all amounts that Defendant charged or caused to be charged to Plaintiff's and the Class's accounts in connection with expired Credits during the four years preceding the filing of this Complaint.  Defendant should be required to disgorge all the profits and gains they have reaped and restore such profits and gains to Plaintiff and the Class, from whom they were unlawfully taken.

74.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and members of the Class seek a court order enjoining Defendant from such future misconduct, and any other such orders that may be necessary to rectify the unlawful business practices of Defendant.

75.    Plaintiff brings this action as private attorneys general and to vindicate and enforce an important right affecting the public interest.  Plaintiff and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Proc. § 1021.5 for bringing this action.

76.    Plaintiff has no adequate remedy at law for this claim.  There is no commensurate legal remedy for Plaintiff's requested relief under this count.  Alternatively, legal remedies available to Plaintiff are inadequate because they are not "equally prompt and certain and in other ways efficient" as equitable relief.  *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937); *see also U.S. v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("the 'mere existence' of a possible legal remedy is not sufficient to warrant denial of equitable relief"); *Quist v. Empire Water Co.*, 2014 Cal. 646, 643 (1928) ("The mere fact that there may be a remedy at law does not oust the jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and efficacious to the end in view … It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future").  Furthermore:

    a)  To the extent damages are available here, damages are not equally certain as restitution because the standard that governs ordering restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages.

    b)  Damages and restitution are not necessarily the same amount. Unlike damages, restitution is not limited to the amount of money defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles the plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Plaintiff seeks such relief here.

c)  Legal claims for damages are not equally certain as restitution because claims under

the UCL and unjust enrichment entail few elements.

77.     Plaintiff also lacks an adequate remedy at law to prevent future harm.

**COUNT III**
**Violations of the Consumer Legal Remedies Act (CLRA)**
**Cal. Civ. Code 1750 *et seq.***
**(On Behalf of Plaintiff and California Subclass)**

78.     Plaintiff incorporates by reference all of the foregoing paragraphs.

79.     Plaintiff and Class Members are "consumers," as the term is defined by California

Civil Code § 1761(d).

80.     Plaintiff, Class Members, and Defendant have engaged in "transactions" as that

term is defined by California Civil Code § 1761(e).

81.     The conduct alleged in this Complaint constitutes unfair methods of competition

and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was

undertaken by Defendant in transactions intended to result in, and which did result in, the sale of

goods to consumers.

82.     As alleged more fully above, Defendant has violated the CLRA by selling ClassPass

Credits with expiration dates that violate state and federal laws.

83.     As a result of engaging in such conduct, Defendant has violated California Civil

Code § 1770(a)(14) and (a)(19).

84.     Specifically, Defendant has engaged in deceptive practices by representing that a

transaction confers or involves rights, remedies, or obligations that it does not have or involve, or

that are prohibited by law, because the Credits expire.

85.     Defendant has also, through their policy of rapidly expiring Credits, inserted an

unconscionable provision in their contract with consumers.

86.     Defendant's policy of rapidly expiring Credits was likely to deceive, and did

deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the

exercise of reasonable care, that this policy was illegal and unconscionable.

87.    In failing to conspicuously disclose that ClassPass' Credits rapidly expire, ClassPass intended to induce reliance, and Plaintiff reasonably relied on this omission when purchasing ClassPass Credits.  Defendant's misrepresentation was a substantial factor in Plaintiff's purchase decision.

88.    Class-wide reliance can be inferred because Defendant's misrepresentation was material in that consumers would not have purchased ClassPass Credits if it was conspicuously disclosed that ClassPass Credits expired in violation of state and federal laws.

89.    Defendant's misrepresentations were a substantial factor and proximate cause in damages and losses to Plaintiff and Class Members.

90.    Plaintiff and Class Members were injured as a direct and proximate result of Defendant's conduct because (1) they would not have purchased Credits had they known they expire in violation of state and federal laws, (2) they overpaid for Credits that they could not use, and (3) they received Credits that were worthless for their intended purpose.

91.    The CLRA expressly provides for injunctive relief, and also contains provisions denoting its public purpose. A claim for injunctive relief under the CLRA is brought by a plaintiff acting in the capacity of a private attorney general.

92.    Absent injunctive and public injunctive relief prohibiting Defendant from engaging in the unlawful conduct detailed above, Plaintiff and other class members, and the general public will be exposed to Defendant's conduct violative of the CLRA.

93.    Accordingly, Plaintiff, on behalf of herself and all other members of the Class, seeks to enjoin the unlawful acts and practices described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, request the following relief against Defendant:

(a)    Certification of this action as a class action under Federal Rules of Civil Procedure 23, appointing Plaintiff as class representatives and Bursor & Fisher, P.A. as class counsel;

(b)    For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d)     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign;

(h)     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

(i)     Any and all other relief as equity and justice requires.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.


Dated:  May 27, 2025                         **BURSOR & FISHER, P.A.**

                                             By:   */s/ Philip L. Fraietta*
                                                      Philip L. Fraietta

                                             Philip L. Fraietta (State Bar No. 354768)
                                             Julian C. Diamond (*pro hac vice* forthcoming)
                                             1330 Avenue of the Americas, 32nd Floor
                                             New York, NY 10019
                                             Telephone: (646) 837-7150
                                             Facsimile: (212) 989-9163
                                             E-Mail:  pfraietta@bursor.com
                                                           jdiamond@bursor.com

                                             **BURSOR & FISHER, P.A.**
                                             Stefan Bogdanovich (State Bar No. 324525)
                                             1990 North California Blvd., 9th Floor
                                             Walnut Creek, CA 94596
                                             Telephone: (925) 300-4455
                                             Facsimile: (925) 407-2700
                                             E-mail: sbogdanovich@bursor.com

                                             *Attorneys for Plaintiff*